UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case Number 09-20632
Honorable David M. Lawson

DAVID BRYAN BLACKMAN,

Defendant.

_______________________________________/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on the defendant's motion for compassionate release. The defendant presently has served approximately 125 months of a 180-month sentence on his conviction for sexual exploitation of children, 18 U.S.C. § 2251(a). On May 10, 2020, Blackman sent a letter to the warden of FCI Elkton, where he presently is incarcerated, requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A). He filed his motion with this Court on May 25, 2020, which was only 15 days later. In his motion, the defendant affirmatively concedes that his motion was filed less than 30 days after his request for compassionate release was tendered to prison authorities. However, he also asserts that he was among 837 inmates who were identified by prison authorities as being at high risk for coronavirus infection when a list of medically vulnerable inmates at FCI Elkton was produced in a separate civil litigation pending in the Northern District of Ohio. *See Wilson v. Williams*, --- F. Supp. 3d ---, No. 20-00794, 2020 WL 1940882, at *9 (N.D. Ohio Apr. 22, 2020). He contends that under the circumstances he should be deemed to have "fully exhausted" any administrative avenues for seeking release because, to date, the prison warden has failed or refused to comply with the order of the *Wilson* court commanding the immediate release of all those medically vulnerable inmates.

After reviewing the record of the proceedings, the Court finds that the motion must be denied without prejudice because the defendant's papers affirmatively demonstrate that he has not exhausted all available administrative remedies for seeking release from prison authorities, and controlling circuit law dictates that the failure to exhaust cannot be excused under the circumstances presented in this case.

As a starting point, it it well settled that ordinarily a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, there are exceptions to that general rule, and one is found in the First Step Act (FSA), Pub. L. No. 115-391, which became law in December 2018. The FSA allows a court to reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). This so-called "compassionate release" provision allows a court to reduce a prison term "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). But that action must await a "motion of the Director of the Bureau of Prisons," or a "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Ibid.*

In its recent decision in *United States v. Alam*, --- F.3d ---, No. 20-1298, 2020 WL 2845694 (6th Cir. June 2, 2020), the Sixth Circuit held that "[i]f the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court . . . by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal'

with the prison or wait 30 days after his first request to the prison." 2020 WL 2845694, at *2 (quoting 18 U.S.C. § 3582(c)(1)(A)). The court of appeals further held that the exhaustion requirement is a claim processing rule that does not implicate subject matter jurisdiction, but that it also is mandatory and not subject to waiver, forfeiture, or any pertinent equitable exception, at least where the government timely asserts an objection based on failure to exhaust.

Here, the defendant affirmatively concedes that his motion was filed less than 30 days after his request for compassionate release was submitted to the prison warden. Nothing in the record suggests that any decision on that request has yet been issued. Thus, the defendant was not entitled to proceed with seeking judicial review based on the expiration of the 30-day statutory waiting period for a request that has met with no action.

The defendant's submissions also affirmatively establish that he has not made any effort to pursue any further appeal for administrative relief. The pertinent regulations define the appellate remedies from a denial of a request for compassionate release as follows. "When an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B)." 28 CFR § 571.63(a). The Administrative Remedy Procedure regulation provides that "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response," and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 CFR § 542.15(a). "When an inmate's request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) is denied by the General Counsel, the General Counsel shall provide the inmate

with a written notice and statement of reasons for the denial," and "[t]his denial constitutes a final administrative decision." 28 CFR§ 571.63(b). An appeal to the General Counsel may be referred to the Director of the Bureau of Prisons. *See* 28 CFR § 571.63(c). In any event, a decision from either the General Counsel or the Director of the Bureau of Prisons is the final appellate remedy from a denial of a request for release, and "[b]ecause a denial by the General Counsel or Director, Bureau of Prisons, constitutes a final administrative decision, an inmate may not [further] appeal the denial through the Administrative Remedy Procedure." 28 CFR § 571.63(d).

The defendant asserts that the warden's refusal to release him after the *Wilson* court issued an order commanding the immediate release of all medically vulnerable inmates should be deemed a *de facto* final denial of his request. But even if that is so, it is undisputed that he has not pursued any further available administrative process to appeal that denial. The appellate process is specified by the pertinent regulations with clear steps and a definite terminus. The defendant has made no attempt to avail himself of that process. Nor can his failure to exhaust the purported denial be excused merely by the passage of time. The FSA plainly allows two mutually exclusive paths to judicial review of compassionate release rulings by BOP authorities. Both begin with the submission of a request to the warden. The inmate may seek judicial review if the warden denies his request and then the defendant exhausts his administrative appeals, or 30 days elapses "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant has not cited any authority holding that he may proceed to Court directly from the denial of a request without first completing the administrative appeal process or waiting at least 30 days.

Finally, the defendant has not cited any authority holding that the alleged failure or refusal by the warden to obey an injunction issued by the Northern District of Ohio court in *Wilson v.*

*Williams* can be deemed to excuse a failure to exhaust all administrative avenues for advancing the request for release now presented to this Court. Moreover, any action by this Court concerning the conduct of parties in litigation before the Northern District of Ohio and their compliance with orders issued by that court would collide with the generally recognized principle that two different federal courts ought not attempt to exercise jurisdiction over the same controversy at the same time. *See Freshman v. Atkins*, 269 U.S. 121, 123 (1925) ("A proceeding in bankruptcy has the characteristics of a suit, and . . . by analogy the pendency of a prior application for discharge is in the nature of a prior suit pending, in accordance with the general rule that the law will not tolerate two suits at the same time for the same cause."); *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("It is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."). If Blackman believes that he is entitled to further relief than he has been afforded under the order of another federal court, then there are well established procedural avenues through which he may seek appropriate further remedies from that court.

The defendant has failed to exhaust all available administrative avenues for advancing his request for compassionate release with the prison authorities, and he did not wait 30 days to file his motion from the date he first submitted his request to the warden. The motion before this Court therefore must be denied. However, the denial will be without prejudice to renewal at an appropriate time following either full exhaustion of all available administrative process for appealing a denial or the lapse of 30 days from the date the defendant submitted his first request for compassionate release.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 33) is **DENIED** without prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 5, 2020