UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID BRYAN BLACKMAN,

        Defendant.
_____/

Case Number 09-20632
Honorable David M. Lawson

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant David Blackman has filed motions asking the Court to reduce his prison sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. Blackman argues that his release is justified by extraordinary and compelling circumstances, consisting of his age (62) and his medical conditions, which include obesity, arthritis, enlarged prostate, and anxiety, which, he contends, increase his risk of complications from a possible infection with the COVID-19 disease. Because Blackman has not shown that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires, his motion to reduce his sentence will be denied.

I.

Blackman pleaded guilty to one count of sexual exploitation of children and was sentenced in June 2010 to a mandatory minimum term of 180 months in prison. The defendant presently is confined by the Bureau of Prisons at FCI Elkton in Lisbon, Ohio, which is a low security facility that houses around 1,800 inmates. With credit for time spent in pretrial detention, he presently has served approximately 129 months or around 72% of his custodial sentence. Public records of the

BOP indicate that the defendant is scheduled to be released from prison on October 6, 2022. Blackman is 62 years old.

On September 16, 2020, Blackman filed through his appointed counsel a renewed motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. In his motion, Blackman contends that he is qualified for release based on his age (62), obesity, arthritis, enlarged prostate, and anxiety. The government has filed a response opposing the motion on the merits.

The most recent data disclosed by the BOP indicates that there are three active coronavirus cases among inmates and none among staff at the Elkton facility, although 934 inmates and 54 employees previously were diagnosed and now have recovered. Reports indicate that nine inmates have died. *See* https://www.bop.gov/coronavirus/.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and

compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Blackmnan relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, *first*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," *second*, if "extraordinary and compelling reasons warrant such a reduction," and *third*, if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (en banc) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it").

The government concedes that the request for release has been properly exhausted, so that threshold requirement for relief has been satisfied. However, the defendant has not advanced sufficiently compelling circumstances to warrant a sentence reduction based on his diagnosed medical conditions, even though one of his observed health factors (obesity) does comprise a recognized risk factor for coronavirus infection. Blackman's showing on the second element that he must establish to justify compassionate release — extraordinary and compelling reasons — is insufficient, so it is unnecessary to discuss the other elements. His health concerns are understandable, but insufficient to warrant immediate release.

The defendant is justifiably concerned about the health risks posed by his incarceration. "The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular

disease, respiratory disease, diabetes, and immune compromise.  If contracted, COVID-19 can cause severe complications and death.  Because there is no current vaccine, the Centers for Disease Control and Prevention ("CDC") recommends preventative measures to decrease transmission such as physical distancing, mask wearing, and increasing focus on personal hygiene such as additional hand washing." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020).  "The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration." *United States v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020).

Moreover, "the crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.  And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself.  For these reasons, in the past months, numerous [federal] courts . . . have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences." *Ortiz*, 2020 WL 3640582, at *2 (collecting cases; footnotes omitted).

It is widely recognized and publicly acknowledged that persons with certain medical conditions face an increased risk of severe consequences from potential COVID-19 infection. *United States v. Lassister*, No. 17-232, 2020 WL 3639988, at *4 (D. Md. July 6, 2020) ("The risk factors include age (over 65); lung disease; asthma; chronic kidney disease; serious heart disease; obesity; diabetes; liver disease; and a compromised immune system.") (citing Coronavirus Disease 2019 (COVID-19), People Who Are At Risk for Severe Illness, Centers for Disease Control & Prevention (June 25, 2020), https://bit.ly/2WBcB16).  The defendant's age (62) does not put him in a high-risk category, but obesity is a recognized medical risk factor.  *See* CDC, Risk Factors:

People With Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Medical records from August 27, 2020 noted that the defendant has a BMI between 40.0 and 44.9, well beyond the obesity threshold of 30.0 recognized by the CDC as a serious risk factor (and at least on the brink of "severe obesity," which separately is recognized in recently updated CDC guidance as a serious risk factor, triggered by a BMI > 40.0). Medical Report dated Aug. 27, 2020, ECF No. 63-1, PageID.587; CDC Risk factors, *supra* ("Having obesity, defined as a body mass index (BMI) between 30 kg/m2 and <40 kg/m2 or severe obesity (BMI of 40 kg/m2 or above), increases your risk of severe illness from COVID-19."). The government does not dispute, and federal courts regularly have held, that obesity poses a sufficient medical risk to establish extraordinary circumstances weighing in favor of release, at least where the inmate is confined at a facility with an active COVID-19 outbreak. *See United States v. Olawoye*, No. 15-00172, 2020 WL 4559816, at *4 (D. Or. Aug. 7, 2020).

Finally, the defendant also asserts that he has arthritis, an enlarged prostate, and anxiety, but the current CDC guidance does not recognize any of those conditions as factors triggering an elevated risk for coronavirus infection.

Another highly pertinent consideration is the probability that the defendant may be exposed to the coronavirus in his present situation, which in this case appears to be quite low. Recent reports indicate that the probability of infection at Elkton, although once quite high, now has declined significantly, with the prison now having only three active cases among inmates and none among staff. The government's position that the defendant is at little or no risk is less reassuring considering the BOP's admitted failure to implement any comprehensive prophylactic testing program, which calls into doubt the figures that it has reported. *See Wilson*, 961 F.3d at 849 (Cole,

J., concurring) (observing that in the absence of any program of comprehensive prophylactic testing, reports of low infection rates are questionable at best); *see also United States v. Campbell*, No. 03-4020, 2020 WL 3491569, at *9 (N.D. Iowa June 26, 2020) (same).  Nevertheless, the most recent information indicates that the defendant's probability of infection is as low as it would be in a home setting, and perhaps lower given that measures taken by the BOP apparently have halted the spread of the virus among inmates at Elkton, despite the recent acceleration of the pandemic among the public at large, including in Ohio, where daily case counts are trending at or above the highest levels observed during the pandemic.  *See* Coronavirus Statistics: Ohio, https://www.worldometers.info/coronavirus/usa/ohio/.

"[O]n similar facts this Court has declined to order the release of otherwise healthy . . . inmates with obesity as their only cognizable risk factor, absent other indications of serious medical risk," particularly where they were confined at institutions with few or no active coronavirus cases.  *United States v. Price*, No. 15-20472, 2020 WL 5440164, at *5 (E.D. Mich. Sept. 10, 2020) (collecting cases).  There are no distinguishing facts here that warrant a different result, particularly in light of the relatively low risk of infection.

III.

Blackman has exhausted his administrative remedies, but he has not demonstrated that compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 58) is **DENIED**.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated:  October 19, 2020